# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAXINE BATES** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE** |
| | * | |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes United Property & Casualty Insurance Company ("Defendant"), without waiving any of its defenses or objections, who respectfully submits this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in the Civil District Court for the Parish of Orleans, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

1.

Maxine Bates (hereinafter, "Plaintiff"), filed a lawsuit on April 7, 2022, styled *Maxine Bates versus United Property & Casualty Insurance Company*, Civil Action No. 2022-03077, on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, "State Court Action") against United Property & Casualty Insurance Company. The suit arises out of alleged damages to Plaintiff's property as a result of Hurricane Ida.[1]

---

[1] *See* Copy of State Court Record attached as Exhibit 1.

Plaintiff alleges that her property located at 2736 Somerset Drive, New Orleans, Louisiana 70131 sustained damages as a result of Hurricane Ida. Plaintiff alleges that her insurer, Defendant, tendered insufficient funds to Plaintiff and intentionally delayed the process.[2] Plaintiff seeks various damages based on the alleged loss occurring in Orleans Parish.[3]

**I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §1332.**

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

    **A. Plaintiff is a citizen of Louisiana.**

3.

Plaintiff, Maxine Bates, at the time he commenced the State Court Action, was a resident and domiciliary of the State of Louisiana as alleged in the Petition for Damages, attached hereto as Exhibit 1.

    **B. The Defendant is diverse from the plaintiff.**

4.

Defendant, United Property and Casualty Insurance Company, at the time the State Court Action was commenced, was and still is a corporation.[4] United Property and Casualty Insurance Company is incorporated in Florida.[5] United Property and Casualty Insurance Company's

---

[2] *Id.*
[3] *Id.*
[4] *See* Exhibit 2.
[5] *See* Exhibit 2.

principal place of business in Florida.[6] United Property and Casualty Insurance Company is domiciled in Florida.[7] Thus, Defendant is diverse from Plaintiff.

5.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiff does not share citizenship with the Defendant.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

6.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[8]

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[9]

7.

Plaintiff's Petition for Damages alleges that "[t]he following amount was required to be paid by Defendant for repair, damages and/or reimbursement: $89,907.00." Plaintiffs further assert that "Defendant has yet to tender adequate insurance proceeds" and that "Plaintiff attempted to recover the remaining amount of the covered damages and/or insurance proceeds due from Defendant to no avail."[10]

---

[6] *See* Exhibit 2.
[7] *See* Exhibit 2.
[8] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).
[9] *De Aguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993).
[10] Exhibit 1.

8.

Plaintiffs seek to recover "the following, non-exclusive damages: a) Diminution of the value of the Property; b) Underpayment and/or delayed payment of covered damages/repair costs, c) Actual repair costs, temporary repair costs, as well as increased repair costs; d) Loss of use and/or additional living expenses, e) Personal Property damage; f) Penalties delineated in La. R.S. § § 22:1892 and 22:1973; g) Mental anguish and/or inconvenience; h) Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action; i) Other general, special and/or consequential damages; and j) Any and all other damages that shown through discovery and/or proven at the trial of this matter."[11]

9.

Based on Plaintiff's claims for the alleged contractual damages alone, it is apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. §1332(a). Plaintiff's Petition for Damages clearly alleges contractual damages of at least $89,907.00.[12] Moreover, plaintiff claims she is entitled to the exorbitant penalties allowed under La. R.S. 22:1892 and 22:1973.

10.

La. R.S. 22:1892 allows for "a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorneys fees and costs." La. R.SS.

---

[11] Exhibit 1.
[12] Exhibit 1.

4

22:1892(B)(1). Plaintiffs seek a 50% penalty in addition to the alleged contractual damages as set forth above.

11.

Plaintiff's claims for contractual damages and penalties under La. R.S. 22:1892 establish an amount in controversy more than the jurisdictional threshold of $75,000. However, in an abundance of caution, Defendant notes that plaintiff also seeks damages under La. R.S. 22:1973. La. R.S. 1973 allows for the following penalties: "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C). Applying the penalty calculation proscribed by La. R.S. 22:1973 to the facts alleged by plaintiff, as set forth in their Petition for Damages, plaintiff seeks a penalty against UPC in addition to the contractual damages, attorney's fees, costs, and interest sought that is well beyond the $75,000 jurisdictional threshold for removal.

12.

Finally, in connection with plaintiff's claims for damages under La. R.S. 22:1973, Defendants notes that under Louisiana law, damages for mental anguish are recoverable under the statute imposing the duty on insurers to act in good faith and in engage in fair claims settlement practices. Based on plaintiff's claims for damages under La. R.S. 22:1973, quantum research was performed to evaluate the amount in controversy, specifically as to mental anguish under La. R.S. 22:1973. Past mental anguish awards have been as much as $125,000. *Orellana vs. Louisiana Citizens Property Insurance Corporation*, 972 So.2d 1252, 1256 (La. App. 4 Cir. 12/05/07); *see also Leland vs. Lafayette Insurance Company*, 77 So. 3d 1078, 1090 (La. App. 3 Cir. 11/09/11)

(affirming a mental anguish award of $45,000 per plaintiff under La. R.S. 22:1973). Based on the quantum research, the mental anguish damages under La. R.S. 22:1973 may total up to $125,000, if proven.

**II. The Procedural Requirements for Removal are Satisfied.**

13.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Orleans Parish, Louisiana – where the state court action is pending. *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

14.

Defendant's Notice of Removal was timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days Defendant's receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."

15.

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition for Damages and all pleadings filed in Suit No. 2022-03077 in the Civil District Court for the Parish of Orleans and served upon Defendant to date, including Plaintiff's Petition for Damages.

17.

Written notice has been given to all adverse parties, and a copy of the Notice of Removal was filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, United Property and Casualty Insurance Company, hereby gives notice that the proceeding bearing number 2022-03077 in the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process

as may be proper to bring before it copies of all records and proceedings in the State Court Action, and to proceed with this civil action as a matter properly removed.

                Respectfully submitted,

                */s/ Bette R. Matheny*
                **NICHOLAS P. ARNOLD, #31602**
                narnold@bluewilliams.com
                **BETTE R. MATHENY #37879**
                bmatheny@bluewilliams.com
                **BLUE WILLIAMS, L.L.C.**
                3421 N. Causeway Boulevard, Suite 900
                Metairie, LA 70002
                Telephone: (504) 831-4091
                Facsimile: (504) 849-3021
                **Attorneys for Defendant, United Property and Casualty Insurance Company**

## **CERTIFICATE OF SERVICE**

        I do hereby certify that on the 20th day of May, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to the following via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first.

Anthony D. Irpino
Email: airpino@irpinolaw.com
Kacie F. Gray
Email: kgray@irpinolaw.com
2216 Magazine Street
New Orleans, LA 70130

Mark P. Glago
Email: mglago@glagowilliams.com
Jatavian L. Williams
Email: jwilliams@glagowilliams.com
909 Poydras Street, 29th Floor
New Orleans, LA 70112

Roderick "Rico" Alvendia
Email: rico@akdlalaw.com
Jeanne Demarest
Email: jeanne@akdlalaw.com
J. Bart Kelly, III
Email: bart@akdlalaw.com

1515 Poydras Street, Suite 1400
New Orleans, LA 70112

                                                ___*/s/ Bette R. Matheny*___
                                                **NICHOLAS P. ARNOLD**
                                                **BETTE R. MATHENY**